UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE BOEING COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AGRICULTURAL INSURANCE CO., *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. C05-0921 JCC<br><br>ORDER |

This matter comes before the Court on Agricultural Insurance Company's Motion to Compel Responses to Discovery and for a CR 56(f) Continuance of Federal's Motion for Summary Judgment (Dkt. No. 134), the Response (Dkt. No. 140), Reply (Dkt. No. 143), and supporting papers thereto. Having considered the documents filed and the record in this case, the Court finds oral argument unnecessary and GRANTS IN PART and DENIES IN PART Agricultural's motion, as follows.

I.  **BACKGROUND**

The Boeing Company originally brought this action in May 2005 against several insurers, including the parties to the instant motion—Agricultural Insurance Company ("Agricultural") and Federal Insurance Company ("Federal")—regarding insurance coverage for several employment discrimination class action claims. In its Answer, Agricultural asserted a cross claim against Federal and the other insurers, seeking an allocation of the loss among the insurers. There remains only one dispute in this

ORDER – 1

action: Agricultural's claim that $6 million of the payments to Boeing should be re-allocated from Agricultural's 1998 high level excess policy to Federal's 1995 policy.

No trial date is currently scheduled. At the August 21, 2007 status conference, the parties agreed that Agricultural's cross-claim could likely be resolved through dispositive motions. Despite the Court's request that the parties confer and file an agreed briefing schedule, the parties were unable to agree on a briefing schedule, and each filed detailed memorandum supporting their proposed schedules. (Dkt. Nos. 124 & 125.) Central to the parties' scheduling dispute was whether discovery should be permitted prior to the dispositive motions deadline.

The Court adopted the schedule proposed by Agricultural, largely because the parties were not far apart on their schedules (Agricultural's proposed date was only three weeks later than Federal's) and the Court was of the opinion that some limited, focused discovery could help it to resolve the issues presented in the parties' dispositive motions. Pursuant to the schedule adopted by the Court, the parties' dispositive cross-motions were due November 1, 2007; opposition papers were due on November 29, 2007; and replies were due December 7, 2007. (Dkt. No. 132.) The Court's scheduling Order was issued on October 2, 2007. Federal had filed its motion for summary judgment five days prior. (Dkt. No. 128.)

The instant Motion to Compel was filed on November 1, 2007, the same day that Agricultural filed its motion for summary judgment. (Dkt. No. 136.) Agricultural brought its Motion to Compel after Federal failed to produce substantive responses to the majority of Agricultural's discovery requests, instead objecting to each Request for Production with a litany of objections, virtually identical for each Request.[1] Similarly, Federal objected to Agricultural's single Interrogatory,

---

[1]For example, Federal's Objection to Agricultural's Request for Production No. 1, reads:

Federal objects to this request to the extent that it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine and/or any other privilege. Federal further objects to this request to the extent that it seeks information in which Federal or third parties may have a legitimate right or expectation of privacy. Federal further objects to this request to the extent it calls for the production of documents that

ORDER – 2

> to the extent that it calls for evidence protected by the attorney-client privilege and/or the attorney work-product doctrine and/or any other privilege[,] . . . information in which Federal or third parties may have a legitimate right or expectation of privacy[,] . . . it is not limited to a time period relevant, or even proximate to the events at issue[,] . . . is vague and ambiguous[,] . . . is not relevant to the subject matter of this action, and not calculated to lead to the discovery of admissible evidence.

(Federal's Resp. to First Disc. Reqs. at 11–12 (Dkt. No. 135 at 16–17).)

Federal now asserts that it objects to the discovery requests as "utterly irrelevant, overbroad, and moot," and that, despite the representations made and quoted above to the contrary, it is not withholding any documents on the basis of privilege. (Federal's Resp. 2 (Dkt. No. 140).) Federal's paramount complaint about Agricultural's discovery request is that it is the same request made by Agricultural in 2005, which Federal never responded to because the Court stayed the action on September 19, 2005. (Dkt. No. 86.) The Court lifted the stay on October 2, 2007, (Dkt. No. 132), and Federal complains that Agricultural should have revised its discovery request to account for developments in the case in the interim, for example, the resolution of several issues that are no longer pending before the Court. Agricultural's counsel reports that he attempted to address this complaint in a phone conversation with Federal's counsel on October 5, 2007, proposing "to limit the . . . requests . . . at least until dispositive motions were decided, if Federal would provide substantive responses. Federal refused to make any compromise or to produce any further information or documentation." (Bruce Winchell Decl. ¶ 4 (Dkt. No. 135).)

As noted above, both parties have filed summary judgment motions in this action. As part of the instant motion, Agricultural requests the Court extend the deadline for its opposition brief to Federal's

---

> contain proprietary and confidential business and financial information. Federal further objects to this request as unduly burdensome, overbroad and oppressive. Federal further objects to this request to the extent that it is not limited to a time period relevant, or even proximate to the events at issue in this action. Federal further objects that the request is not relevant to the subject matter of this action, and not calculated to lead to the discovery of admissible evidence. Pursuant to these objections, Federal will not produce any documents in response to this request.

(Federal's Resp. to First Disc. Reqs. 4 (Dkt. No. 135 at 9).) This Objection is fairly representative of the objections Federal made to seven of Agricultural's ten Requests for Production.

ORDER – 3

summary judgment motion until 14 days after Federal provides full and complete responses to Agricultural's discovery requests. (Agricultural's Mot. 13 (Dkt. No. 134).) The Motion to Compel was filed on November 1, 2007; since then, Agricultural has filed an opposition brief. (Dkt. No. 147.) In the Conclusion of that brief, Agricultural requests, "[i]f the Court is inclined to grant [Federal's motion for summary judgment] . . . the Court . . . grant Agricultural's pending request for a Rule 56(f) continuance due to Federal's failure to respond in good faith to reasonable discovery requests." (*Id*. at 11.)

## II.     ANALYSIS

### A.     *Motion to Compel*

The federal rules contemplate liberal discovery:

> Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

FED. R. CIV. P. 26(b)(1). "[C]omplete and accurate responses to discovery [requests] are imperative to the functioning of the modern trial process." *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1201 (3d Cir. 1989) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978)). When a party objects to discovery requests, the court must be able to ascertain precisely what is being objected to. As such, unless it is obvious from the wording of the request itself that it is overbroad, vague, ambiguous or unduly burdensome, an objection simply stating so is not sufficiently specific. *See, e.g.*, *Wagner v. Dryvit Sys.*, 208 F.R.D. 606, 610 (D. Neb. 2001) (offering as an example of an overbroad and unduly burdensome request, one for "the substance of all claims or representations by" defendant concerning the product alleged defective in a products liability action).

The Federal Rules strongly encourage parties to resolve discovery disputes privately, and discourage them from seeking needless court intervention. To this effect, before a party may bring a motion for an order compelling discovery, that party must in good faith confer or attempt to confer in an effort to obtain the discovery without court action. FED. R. CIV. P. 37(a)(1). Pursuant to Local Rule, "[i]f the court finds that counsel for any party . . . willfully refuses to confer, . . . or fails to confer in good

ORDER – 4

faith" the court may sanction that party or party's counsel. Local Rule CR 37(a)(2)(A); Local Rule GR 3(d).

The Court is troubled by Federal's counsel's refusal of Agriculture's offer to narrow the scope of its discovery requests, which might have alleviated Federal's professed concerns about the requests' vagueness and overbreadth. Federal does not deny Agricultural's version of these events, thus, the Court is compelled to find that Federal's counsel willfully refused to confer or failed to confer in good faith, as required by Rule 37(a). This finding, combined with Federal's argument in its briefing that it was only objecting to the scope of discovery, and was not actually making the multiple objections it expressly made in the text of its Response to Agricultural's discovery request, severely undermine Federal's position.

However, taking into account the whittling of claims that has occurred between September 2005, and October 2007, the Court declines to compel Federal to answer the request "as is." Agricultural is hereby DIRECTED to refine their request to reflect the sole remaining issue in this action. Once Agricultural serves its revised request upon Federal, Federal will have 20 calendar days to respond, or else risk sanctions for failure to comply with this Court's Order. In responding, Federal is reminded to make any objections with specificity.

### B. *Rule 56(f) Motion for Continuance*

Federal Rule of Civil Procedure 56 provides that "[i]f a party opposing [a] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable . . . discovery to be undertaken[.]" FED. R. CIV. P. 56(f). The Court has discretion in deciding a Rule 56(f) motion, however, "denial . . . is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

Federal's summary judgment motion requests that the Court find, as a matter of law, that: (1) Agricultural is collaterally estopped from requesting declaratory judgment by application of the arbitral

ORDER – 5

panel's ruling against Agricultural; and (2) Agricultural fails to state a claim for equitable contribution because Agricultural failed to acknowledge its coverage obligation and because Federal's 1995 policy is "primary" to Agricultural's high excess policy.

A Rule 56(f) continuance is appropriate under the circumstances. Agricultural argues that "[t]he central question raised by Agricultural's claim against Federal is whether Federal's 1995 policy is 'primary' to Agricultural's 1998 high excess policy," and that "[t]here is evidence in the materials Agricultural recieved from Boeing that both parties agreed to make the 1998 policies excess over the 1995 policies when the 1998 policies were being negotiated." (Winchell Decl. ¶ 5 (Dkt. No. 135).) To put it differently, Agricultural maintains that, for specified reasons stated in Mr. Winchell's declaration, it cannot present facts essential to justify its opposition to a material issue—whether "both parties agreed to make the 1998 policies excess over the 1995 policies when the 1998 policies were being negotiated" —central to Federal's argument that Agricultural fails to state a claim for equitable contribution.

### III.   CONCLUSION

For the reasons stated above, the Court DENIES Agricultural's Motion insofar as it requests the Court order Federal to respond to the discovery request as is. Agricultural is to revise its request to reflect the narrowing of the issues in this action. Once the revised request is served on Federal, Federal shall have 20 calendar days to provide complete and accurate responses. The Court GRANTS Agricultural's request for a Rule 56(f) continuance. Once Federal provides Agricultural with responses to the revised discovery request, the parties shall notify the Court and the Court will re-note Federal's summary judgment motion to allow Agricultural 14 days to file a revised response.

SO ORDERED this 11th day of December, 2007.

John C. Coughenour
United States District Judge

ORDER – 6